IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FAITH E. CARTER, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 17-398
 )
NANCY A. BERRYHILL, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

O R D E R

AND NOW, this 14th day of August, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for Disability Insurance Benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. However, if an ALJ can find a claimant to be disabled or not disabled at a certain step in the process, the ALJ makes a determination or decision at that point and does not proceed to the next step. See id. Moreover, the claimant bears the burden to prove disability within the meaning of the Social Security Act. See 20 C.F.R. § 404.1512(a). Accordingly, at Step One, the Commissioner must first determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 404.1520(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, Step Two of the process involves determining whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522. If the claimant can show that he or she has a severe impairment, the Commissioner must continue with the evaluation process to Steps Three (and then possibly to Steps Four and Five). See 20 C.F.R. § 404.1520(a)(4)(iii). However, if the claimant fails to show that his or her impairments are "severe," he or she is deemed ineligible for disability benefits, and the ALJ's analysis properly ends at Step Two.

In the present case, the ALJ found at Step One that, even though Plaintiff had engaged in work as a babysitter after her alleged onset date, she did not engage in substantial gainful activity from her amended onset date of August 17, 2011 through her date last insured of September 30, 2012. (R. 14). The ALJ then proceeded to Step Two to determine whether Plaintiff suffered from a severe impairment. The ALJ first found that, through the date last insured, Plaintiff did in fact have a number of medically determinable impairments, including chronic obstructive pulmonary disease, diabetes mellitus type II under poor control due to medication non-compliance, generalized osteoarthritis, urinary incontinence associated with urinary tract infections, and obstructive sleep apnea. (R. 14).

However, based upon the evidence presented, the ALJ further found that Plaintiff "did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months." (R. 15-20). The ALJ therefore concluded that Plaintiff "did not have a severe impairment or combination of impairments." (R. 15). Accordingly, the ALJ determined, at Step Two, that Plaintiff was not disabled within the meaning of the Social Security Act at any time from the amended alleged onset date, August 17, 2011, through the date last insured, September 30, 2012, and her analysis ended at that point. (R. 20).

2

Although Plaintiff presents in her brief a list of ways in which the ALJ allegedly erred in her decision, several of the issues Plaintiff raises relate to Steps Three through Five of the evaluation process, which the ALJ did not reach since her analysis ended at Step Two. (Doc. No. 10, at 3). Thus, the only issues that are appropriate for consideration by the Court relate to whether the ALJ's decision—which found Plaintiff to be not disabled at Step Two of the evaluation process—is supported by substantial evidence. See 42 U.S.C. § 405(g). In evaluating those claims, however, if substantial evidence supports the ALJ's decision—even if the Court would have decided the case differently—the Court must affirm. See id.; Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).

At the outset, the Court notes that the exact nature of Plaintiff's claims is somewhat difficult to discern from her brief, and Plaintiff's arguments are lacking in evidentiary support. Nevertheless, Plaintiff first contends that "the ALJ failed to apply the correct legal standard in not finding that Plaintiff's migraine headaches and obesity are severe." (Doc. No. 10, at 3, 8). Additionally, Plaintiff states two other claims related to the ALJ's evaluation of the medical evidence that are arguably relevant to Step Two analysis: that "[t]he ALJ erred by making her own medical analysis, which is unsupported by the medical record;" and that the ALJ erred by failing to "reject the treating physicians' opinions on the basis of contradictory medical evidence." (Doc. No. 10, at 3, 16).

As to Plaintiff's first argument, the Court notes that, other than quoting the Third Circuit's commentary explaining that the Step Two inquiry is intended to operate as a "*de minimis* screening device to dispose of groundless claims," Plaintiff fails to explain what standard the ALJ should have applied other than the one set forth in her decision, nor does Plaintiff explain why her migraine headaches or her obesity qualified as "severe" impairments under some such standard. (Doc. No. 10, at 9 (quoting Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003)). Furthermore, Plaintiff provides no evidence to support her argument, and even the few instances where migraine headaches or obesity are mentioned in the fact section of Plaintiff's brief fail to support her argument that they qualified as "severe impairments." Additionally, upon review of the record, the Court cannot find evidence to support any such argument.

On the other hand, the ALJ clearly explained in her decision that Plaintiff did not have a severe impairment or combination of impairments because she "did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months." (R. 15 (citing 20 C.F.R. § 404.1521 et seq.)). The ALJ also cited SSR 85-28, explaining that "basic work activities" are the abilities and aptitudes to do most jobs, and examples include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; abilities to see, hear and speak; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in routine work setting. (R. 15 (citing SSR 85-28, 1985 WL 56856, at *3 (1985)). Moreover, the Court notes that SSR 85-28 further indicates that impairments are not considered "severe" when medical

evidence establishes only slight abnormalities that would have no more than a minimal effect on a claimant's ability to perform basic work activities. See SSR 85-28, 1985 WL 56856, at *3.

The ALJ also explained in her decision that, in concluding that Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work activities, she had considered all symptoms and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, as well as the opinion evidence of record. (R. 15). Then, the ALJ properly pointed out that Plaintiff had engaged in work involving self-employed child care during the relevant period, which contradicted her allegations of disability. (R. 18). The ALJ also thoroughly reviewed Plaintiff's medical records and explained why those records did not support a finding of severe impairment. (R. 15-20). Moreover, the ALJ reviewed various diagnoses of Plaintiff's medical conditions, but noted the lack of more than minimal associated functional limitations. (R. 18-19). Again, the Court emphasizes that Plaintiff has not pointed to any evidence that the ALJ failed to consider that showed that her migraine headaches or obesity should have been found to be "severe" during the relevant period. Thus, the Court finds that the ALJ did not err by failing to apply the correct legal standard in finding that Plaintiff's migraine headaches and obesity were not severe impairments.

As to Plaintiff's other arguments that could arguably be related to improper analysis at Step Two—that the ALJ erred in making her medical analysis which is allegedly unsupported by the medical record, and that the ALJ erred in failing to reject the opinions of Plaintiff's treating physicians based on contradictory medical evidence—the Court finds that these claims also lack merit. Judging from Plaintiff's brief, such arguments are most likely meant to be considered in the context of later steps of the evaluation process (which the ALJ did not reach). Nevertheless, giving Plaintiff the benefit of the doubt and considering such arguments at Step Two instead, the Court notes that Plaintiff does not provide any explanation as to how the ALJ's analysis is unsupported by the medical record. Moreover, as discussed, supra, the ALJ thoroughly evaluated the medical record, and the ALJ's decision clearly shows why she made a finding at Step Two that Plaintiff had no severe impairments during the relevant period.

Furthermore, the Court stresses that Plaintiff provides no explanation to support her claim that the ALJ failed to reject the treating physicians' opinions on the basis of contradictory evidence. In fact, none of Plaintiff's treatment providers found that she had significant limitations of any kind or functional limitations that precluded her from working. Moreover, despite Plaintiff's claim, the Court notes that the ALJ discussed the records of the various medical sources and pointed out in her decision that no medical opinions in the record contradicted her findings. (R. 20). Therefore, the Court finds that Plaintiff's claims concerning the ALJ's analysis of the medical evidence and her handling of the findings of Plaintiff's treating physicians at Step Two are without merit.

Accordingly, the Court finds that the ALJ did not err in finding that Plaintiff did not have a severe impairment or combination of impairments, and that Plaintiff was thus not disabled

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED, and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

within the meaning of the Social Security Act from the amended alleged onset date, August 17, 2011, through her date last insured, September 30, 2012. Upon consideration of the evidence presented in this case and the ALJ's thorough and detailed discussion thereof, the Court finds that the ALJ's conclusion that Plaintiff had no "severe" impairments is indeed supported by substantial evidence. Thus, the Court affirms.